IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ROBERT DENVER MAYS,

            Plaintiff,

    v.

STATE OF CALIFORNIA,
STATE OF OREGON,

            Defendants.

Case No. 1:20-cv-01287-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

      Plaintiff Robert Denver Mays, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against the State of California and the State of Oregon. For the reasons stated below, Plaintiffs' complaint (#1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (#2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I.     The Complaint is dismissed for failure to state a claim.

Plaintiff has completed the paperwork provided by the Court titled, "Complaint for a Civil Case." According to the form, Plaintiff intends to bring suit against the "State of California" and the "State of Oregon" for being "falsely charged" with crimes in 2007 and 2018.

Unfortunately, Plaintiff fails to request relief that is within the Court's authority to grant. Federal Courts are courts of limited jurisdiction. The *Younger* abstention doctrine deprives federal courts of jurisdiction in ongoing state criminal proceedings in circumstances where the federal court is being called upon to interfere with or obstruct such state judicial proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Canatella v. California*, 304 F.3d 843. 850 (9th Cir. 2002). On the civil side, pursuant to the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kongasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *Cooper*, 704 F.3d at 777–78. *See also Meek v. Zopan*, 2017 WL 902864, at *3 (D. Or. Mar. 6, 2017). In other words, if Plaintiff is dissatisfied with the outcome of a case in state court, he may not attempt to overturn that outcome by challenging that case in federal court. In order to challenge the outcome of a criminal

conviction, for example, a person must appeal that state court judgment to the Oregon Court of Appeals or the California Court of Appeals. Attempting to challenge it in federal court is an improper collateral attack. Therefore, any claims asserted by Plaintiff that arise out of a state court proceeding and attempt to overturn the outcome of that proceeding will not be allowed.

In this case, the narrative written by Plaintiff in order to explain his claims is extremely confusing. Plaintiff claims that he was falsely charged with an unspecified crime in 2007 for "defending himself" and falsely charged again in 2018 for unlawful possession of a firearm. Plaintiff implies that his 2018 criminal case is still ongoing while he is in "the 18-month vet court program." Plaintiff alleges corruption by the State of Oregon and the State of California related to his criminal cases but fails to provide details as to what corrupt actions took place. Plaintiff seeks to have his criminal record expunged by this Court. Plaintiff must seek redress of the state court decisions in state court. Because Plaintiff provided no factual allegations explaining how his civil rights have been violated other than claiming his charges were "false," and because a claim to redress state court convictions must be pursued in state court, Plaintiff does not state any factual allegations that amount to a cognizable claim for relief under federal pleading standards.

## CONCLUSION

For the reasons set forth above, the Complaint (#1) is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time may result in the entry of a judgment of dismissal. Should Plaintiff choose to amend her complaint, the Court would encourage her to consult the Court's Guide for Self-Represented parties[1] and fill out

---

[1] For more guidance on how to properly state a claim and file a complaint, Plaintiff may consult the Court's "Guide for Self-Representation," which can be found at the District of Oregon's

her paperwork accordingly.  Plaintiff's IFP application (#2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

It is so ORDERED and DATED this ___17th___ day of August, 2020.

                                              s/Mark D. Clarke
                                              MARK D. CLARKE
                                              United States Magistrate Judge

---

public website <www.ord.uscourts.gov> under the tab entitled, "Information about representing yourself."